### FREEMAN FARRIS *v.* COMMONWEALTH.

**Criminal Law—Homicide.**

> Malice is not an implication of law, but a matter of fact to be determined in a homicide case by the jury, as any other element in the crime of murder, and it is not required that the court should single it out from the other facts, and in an instruction give undue prominence to it.

### APPEAL FROM BOYLE CIRCUIT COURT.

June 3, 1879.

OPINION BY JUDGE HINES:

We are unable to discover any substantial error in the record. The instructions present the law of murder and manslaughter in so clear a manner that the jury, in our opinion, could not have been misled. When this was done it was the province of the jury alone to determine whether the offense was that of murder or of manslaughter. The court did not err in refusing to instruct the jury that "malice must be proven as any other fact." As we said in the opinion on the former appeal (14 Bush 362), the existence of malice must be determined by the jury as they determine any other fact, but it was not intimated that it should be singled out from the other facts and given undue prominence, as would have been the case if this instruction had been granted. The leading idea in that opinion is that "malice" is not an implication of law, but a matter of fact to be determined by the jury as any other element in the crime of murder. We are of the opinion, however, that the court did well in refusing to define the meaning of the term to the jury. The popular and the legal meaning of the term is so nearly the same that a

definition would probably confuse rather than enlighten the jury. It will ultimately be found necessary, as has been the case with the term "reasonable doubt," to leave its meaning to be arrived at by the jury, unembarrassed by metaphysical definitions, which are, from the necessity of the case, more or less misleading. The attempt to define terms that the ordinary intelligence may reasonably be presumed to comprehend more often confuses than enlightens.

Judgment *affirmed*.

*G. W. Dunlap, W. D. Hopper, L. F. Hubble, for appellant.*

*Moss, for apellee.*